# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 12-CR-50-LRR |
| vs. | **ORDER** |
| LASHAUN MAURICE PERRY, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Lashaun Maurice Perry's "Supplemental Motion to Determine Application of Defense of Entrapment by Estoppel" (docket no. 11) ("Supplemental Motion"), which supplemented Defendant's prior "Motion to Determine Application of Defense of Entrapment by Estoppel" ("Motion") (docket no. 8).

## *II. RELEVANT PROCEDURAL HISTORY*

On June 20, 2012, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. The Indictment charges Defendant with knowingly possessing a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year. Such offense is a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On July 19, 2012, Defendant filed the Motion. On July 20, 2012, the court entered an Order (docket no. 10) denying the Motion without prejudice for failure to specify the requested relief. On July 23, 2012, Defendant filed the Supplemental Motion, which clarified that Defendant was seeking to determine whether the court would instruct the jury

on his entrapment-by-estoppel defense.[1]  On August 2, 2012, the government filed a Resistance (docket no. 13).  Defendant has not filed a reply, and the time for doing so has expired.  *See* LR 7(g).  In the Motion and Supplemental Motion, Defendant requests a hearing.  The court finds that a hearing is unnecessary.  The matter is fully submitted and ready for decision.

### III.  ANALYSIS

In the Motion and Supplemental Motion, Defendant requests that the court instruct the jury on his entrapment-by-estoppel defense.  "Criminal defendants are entitled to an instruction on their theory of defense if the proposed instruction is a correct statement of the applicable law and is supported by the evidence."  *United States v. Austin*, 915 F.2d 363, 365 (8th Cir. 1990).  Defendant has offered no proposed entrapment-by-estoppel instruction but asks the court to "adjudicate that this defense would be applicable in this case based upon the factual scenario provided in . . . Defendant's [M]otion."  Supplemental Motion at 1.  Accordingly, the court shall consider the factual allegations in Defendant's Motion and determine whether, under the circumstances Defendant describes, the evidence supports an entrapment-by-estoppel defense such that Defendant is entitled to an appropriate jury instruction.

---

[1] In the July 20, 2012 Order, the court authorized Defendant to file another motion with an accompanying brief clarifying the requested relief.  The Order provided, "Pursuant to Local Rule 7(d), the accompanying brief should contain 'a statement of the grounds for the motion and citations to the authorities upon which [Defendant] relies,' and, additionally, the brief should analyze how those authorities apply to the instant case."  Order at 1 (alteration in original) (quoting LR 7(d)).  Defendant failed to comply with the court's directive.  The Supplemental Motion contains no citations to authority on the entrapment-by-estoppel defense.  Despite Defendant's failure to comply with the court's instructions, the court shall nevertheless address the Motion and Supplemental Motion.

### A. *Alleged Facts*

Defendant has been convicted of four felonies in the State of Illinois. According to Defendant, an Illinois judge told him that his felony convictions would be expunged if he successfully completed a boot camp. When Defendant subsequently applied for a firearms permit in Iowa,

> he told the employee of the Linn County Sheriff's office that he was uncertain whether or not his felony conviction had been expunged and was advised by the employee of the Linn County Sheriff's Department that he should still fill out the application because an investigation would be completed by the Linn County Sheriff's Department and he would not receive a permit if he was not entitled to one.

Motion at 1. Defendant thereafter received a permit to own a firearm, "and[,] based upon this assurance, Defendant purchased a revolver." *Id.* at 2. Based on these facts, Defendant contends that the defense of entrapment by estoppel applies:

> But for the assurance . . . by the employee of the Linn County Sheriff's Department, Defendant would not have completed the application for a gun permit. If . . . Defendant had been advised that if he was not certain whether or not his record had been expunged, he should not have applied, then he would not have done so.

*Id*.

### B. *Applicability of Defense*

"The defense of '[e]ntrapment by estoppel applies when an official tells the defendant that certain conduct is legal and the defendant believes the official.'" *Austin*, 915 F.2d at 366 (alteration in original) (quoting *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 825 (9th Cir. 1985)). "Entrapment by estoppel is an affirmative defense . . . ." *United States v. Kieffer*, 621 F.3d 825, 833 (8th Cir. 2010). Accordingly, a defendant bears the burden of proving the elements of entrapment by estoppel. *Austin*, 915 F.2d at

365 ("Defendants have the burden of proof to establish that they were misled by the statements of a government official into believing that their conduct was lawful.").

The court finds that an entrapment-by-estoppel defense does not apply under the circumstances Defendant describes in the Motion. Defendant failed to meet his burden on two grounds. First, the court concludes that Defendant's entrapment-by-estoppel defense is unavailable given that he allegedly relied on a statement by a local, as opposed to federal, official. In *United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995), the Eighth Circuit Court of Appeals rejected the defendant's argument that a local official can sanction a violation of federal law and noted that a defendant is not "entitled to rely on representations made by state or local officials because these officials lack[] the authority to bind the federal government to an erroneous interpretation of federal law." *Id.* (discussing *United States v. Brebner*, 951 F.2d 1017, 1026 (9th Cir. 1991)). The Eighth Circuit's position in *Achter* is consistent with other Courts of Appeals that have similarly concluded that, in a federal prosecution, an entrapment-by-estoppel defense applies only when the defendant claims he or she relied on a federal official's representations. *See, e.g.*, *United States v. Lemons*, No. 10-5613, 2012 WL 1662035, at *2 (6th Cir. May 14, 2012) ("In the Sixth Circuit, the defense of estoppel by entrapment is unavailable when a state or local law enforcement official tells a defendant that an act is legal, and the federal government prosecutes the crime."); *United States v. Baker*, 438 F.3d 749, 754 (7th Cir. 2006) ("[W]e note local law enforcement officials . . . generally do not have the authority to exempt individuals from violations of federal firearm laws."); *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1167 (10th Cir. 1999) ("[W]e hold that the defense of entrapment by estoppel requires that the 'government agent' be a government official or agency responsible for interpreting, administering, or enforcing the law defining the offense."); *United States v. Funches*, 135 F.3d 1405, 1407 (11th Cir. 1998) ("The defense of entrapment-by-estoppel, when asserted as a defense to a federal crime, requires reliance

on a misstatement by an official or agent of the federal government."); *United States v. Spires*, 79 F.3d 464, 466-67 (5th Cir. 1996) ("To satisfy the requirements of the defense when charged with a federal crime, a defendant is required to show reliance either on a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government who has been granted the authority from the federal government to render such advice.").

In this case, Defendant alleges that a Linn County Sheriff's Department employee told him that "he would not receive a permit if he was not entitled to one." Motion at 1. Defendant is apparently arguing that this statement constitutes an assurance that, if Defendant received a permit, he could lawfully possess a firearm under federal law. Given the Eighth Circuit's discussion in *Achter*, the court finds that Defendant's reliance on the Linn County official's statement to the extent it purported to guarantee Defendant's compliance with federal law is not sufficient. Consequently, Defendant is unable to assert the affirmative defense of entrapment by estoppel.[2]

Second, even assuming that Defendant may assert an entrapment-by-estoppel defense based on a Linn County, rather than a federal, official's statement, the court finds that there is insufficient evidence to support the defense. Entrapment by estoppel applies only when a defendant's reliance on a government official's advice is reasonable. *See Kieffer*, 621 F.3d at 833. "In order for his reliance to be reasonable, the defendant must establish that a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." *Id.*

---

[2] It is not clear from the Motion or Supplemental Motion if Defendant is also arguing that he relied on an Illinois state court judge's alleged statement that Defendant's felony convictions would be expunged if he successfully completed a boot camp. To the extent that Defendant is making such an argument, the court finds that, pursuant to *Achter*, Defendant is unable to assert an entrapment-by-estoppel defense premised on a state court judge's statement.

5

(quoting *United States v. Treviño-Martinez*, 86 F.3d 65, 69 (5th Cir. 1996)) (internal quotation marks omitted). In this case, the court finds that Defendant has failed to prove that he reasonably relied on the Linn County official's alleged statement.

The record establishes that reasonableness is lacking because Defendant offers no evidence to corroborate his claim that an Illinois state court judge told him that his felony convictions would be expunged if he successfully completed a boot camp, and Defendant offers no evidence that he successfully completed any boot camp. Furthermore, it is unclear whether Defendant is alleging that an Illinois state court judge told him that all of his felony convictions, or only some of his felony convictions, would be expunged. Because Defendant offers no evidence that he had reason to believe his felony convictions had been expunged at the time he applied for a firearms permit in Iowa, the court cannot find that Defendant reasonably believed he was entitled to a permit, even if a Linn County official told him that he would not receive a permit unless he was entitled to one.[3]

Moreover, Defendant's reliance is not reasonable because he alleges that he told the Linn County official that he was "uncertain" whether his felony convictions had been expunged. Motion at 1. On his firearms permit application, however, Defendant answered the question, "Have you ever been convicted in any court of a felony . . . . ?," by checking the box "No." Government Exhibit 5 (docket no. 13-6) at 3. Defendant does not contend that the Linn County official told him to check the box "No" on his application and he offers no explanation as to why he checked "No" when, in fact, he had been convicted of four felonies in the State of Illinois. A person "sincerely desirous of obeying

---

[3] To the extent Defendant is arguing that he relied on an Illinois state court judge's alleged promise that Defendant's felony convictions would be expunged if he completed a boot camp, the court finds that Defendant's argument is without merit. Defendant offers no evidence that a judge made such a promise or that he completed a boot camp. Moreover, Defendant does not allege that a state court judge affirmatively stated that Defendant had the right to possess a firearm.

the law," *Kieffer*, 621 F.3d at 833 (quoting *Treviño-Martinez*, 86 F.3d at 69) (internal quotation marks omitted), would not have checked the "No" box if he or she was uncertain about the status of his or her felony convictions. The court agrees with the government that an entrapment-by-estoppel defense should not be "available to a defendant who procures the allegedly misleading statement from the government through fraud or false statements." Brief in Support of Resistance at 5.

Because the court finds that the evidence fails to establish Defendant reasonably relied on the Linn County employee's statement, the court will not instruct the jury on the proposed defense.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Supplemental Motion to Determine Application of Defense of Entrapment by Estoppel (docket no. 11), which supplemented Defendant's prior Motion to Determine Application of Defense of Entrapment by Estoppel (docket no. 8), is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 20th day of August, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA