# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LASHAUN MAURICE PERRY,<br><br>    Defendant. | No. 12-CR-50-LRR<br><br>**ORDER** |

_____

## *I.  INTRODUCTION*

The matter before the court is Defendant Lashaun Maurice Perry's "Motion for Determination of Admissibility Pursuant to Fed. R. Evid. [104(a)]" ("Motion") (docket no. 21).

## *II.  PROCEDURAL HISTORY*

On June 20, 2012, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. The Indictment charges Defendant with knowingly possessing a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year. Such offense is a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On August 14, 2012, Defendant filed the Motion. On August 20, 2012, the government filed a Response (docket no. 31). The matter is fully submitted and ready for decision.

## *III.  ANALYSIS*

In the Motion, Defendant asks the court to exclude from evidence:

> (1) [a]ny mention of the money found in the shoes belonging to Defendant; (2) [a]ny evidence of a scale found in the residence of . . . Defendant; (3) [a]ny mention of any marijuana or marijuana residue found inside of a vehicle parked outside of . . . [D]efendant's residence belonging to Janeane Barntz; and (4) [a]ny reference to any mason jars which may or may not have

contained marijuana residue found within . . . Defendant's residence.

Brief in Support of Motion at 1. Defendant contends that such evidence is inadmissible under Federal Rules of Evidence 401, 402, 403 and 404. In its Response, the government states that it does not intend to offer as part of its case-in-chief any evidence "tend[ing] to show [D]efendant was involved in the sale or distribution of marijuana from the residence where he kept his firearm." Response at 1. The government notes that, if Defendant testifies and makes such evidence relevant, the government "reserves the right to cross-examine [D]efendant regarding the evidence of drug distribution found at his residence, as well as to put on limited rebuttal evidence regarding [D]efendant's involvement in distributing drugs." *Id.* at 2. Thus, because the parties are in agreement that such evidence is not relevant absent Defendant opening the door at trial, the court shall exclude such evidence.

## IV. CONCLUSION

In light of the foregoing, Defendant's Motion for Determination of Admissibility Pursuant to Fed. R. Evid. 104(a) (docket no. 21) is **GRANTED**. The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**IT IS SO ORDERED**.

**DATED** this 22nd day of August, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA